UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JACOB MASON MINK,

    Defendant.

6:18-CR-36-REW-HAI

**OPINION AND ORDER**

    Jacob Mason Mink—who faces charges under 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1) & 924(c)(1)(A), *see* DE 1 (Indictment)—filed a motion to suppress evidence obtained during a checkpoint traffic stop. DE 27 (Motion). The United States opposed. DE 33 (Response). Though he had the opportunity, Mink did not reply. *See* DE 31 (Minute Entry). On referral, *see* DE 34 (Order), Judge Ingram held an evidentiary hearing, *see* DE 37 (Minute Entry), and, after thorough treatment, recommended denial. *See* DE 40 (Recommended Disposition). Judge Ingram informed the parties of the right to object within fourteen days, and that failure to timely object would result in waiver. DE 40 at 13-14. Neither Mink nor the United States timely objected.

    While this Court reviews *de novo* those portions of a Recommended Disposition to which a party objects, *see* 28 U.S.C. § 636(b)(1), it is not required to "review . . . a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985). Where the parties do not object to the magistrate judge's recommended disposition, they waive any right to review. Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); *United States v. White*, 874 F.3d 490, 495 (6th Cir. 2017) ("When a party . . . fails to lodge a specific objection to a particular aspect of a magistrate judge's report and recommendation, we consider that issue forfeited on

appeal."); *see also United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (noting that "[t]he law in this Circuit is clear" that a party who fails to object to a magistrate judge's recommendation forfeits his right to appeal its adoption).

Judge Ingram thoroughly analyzed and rejected Mink's argument that the checkpoint violated the Fourth Amendment. DE 40 at 10. Notably, the government produced evidence establishing that KSP timely issued media notices prior to the checkpoint, *Id*. at 12, and that the primary purposes of the checkpoint—detecting impaired drivers and ensuring traffic safety—were constitutionally sound, *Id.* at 8. KSP provided compelling data to show that checkpoints near the Madison County-Rockcastle County line, in particular, efficiently serve those purposes. *Id*. at 5.

The Court thus **ADOPTS** Judge Ingram's recommendation (DE 40) and **DENIES** the suppression effort (DE 27).

This the 7th day of March, 2019.

Signed By:
*Robert E. Wier* REW
United States District Judge